### 10439. Cox v. Charles Cone Realty Company.

Bloodworth, J. The judge of the superior court did not err in this case in rendering the following judgment: "It is considered, ordered and adjudged, that the within certiorari be and the same is hereby overruled and the judgment allowed to proceed in favor of Chas. Cone Realty Co. v. W. S. Cox, for the principal sum of one hundred ninety and no/100 dollars, interest and costs."

Judgment affirmed.   Broyles, C. J., and Luke, J., concur.

Decided October 9, 1919.

Certiorari; from Fulton superior court—Judge Ellis. January 22, 1919.

The exceptions were to the overruling of a certiorari in a case from the municipal court of Atlanta in which W. S. Cox was sued by the Charles Cone Realty Company for a commission of $190 alleged to be due the plaintiff as agent for the defendant in the sale of a certain meat market and grocery store. The trial in the municipal court resulted in a judgment in favor of the plaintiff for the amount sued for. The defendant, in his petition for certiorari, contended that the judgment was contrary to law and without evidence to support it, because "the declaration alleges that W. S. Cox is due the plaintiff certain commissions for the sale of a meat market and grocery store, whereas it is shown by the proof that said market was owned by a partnership composed of W. S. & H. J. Cox, and that H. J. Cox, a member of said firm, employed the plaintiff to sell the place of business owned by said partnership." The answer to the suit was a general denial of indebtedness. There was evidence that W. S. Cox was the owner of the meat market and store at the time of the sale, that the business conducted there had been held out to the public as a partnership business under the name of Cox Brothers, and was listed with the plaintiff for sale under that name by H. J. Cox, the defendant's brother, that the preliminary negotiations in the sale were conducted through H. J. Cox, and that W. S. Cox ratified the acts of H. J. Cox and prior to the consummation of the sale agreed personally to pay the commission.

Anton L. Etheridge, F. A. Hooper & Son, for plaintiff in error, cited: 11 Ga. App. 517 (3); 21 Ga. App. 436-8.

C. L. Pettigrew, Robert H. Jones Jr., contra, cited: 27 Ga. 305; 131 Ga. 637 (4).